# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY as successor by merger to HARLEYSVILLE MUTUAL INSURANCE COMPANY, | : : : : : | No. 3:15cv91 (Judge Munley) |
| Plaintiff | : : | |
| v. | : : | |
| N & B ENTERPRISES, INC.; MARY HOWELLS, as Administratrix of the Estate of CAROL ANN MIKOLS; and RT ENVIRONMENTAL, | : : : : : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court is Plaintiff Nationwide Mutual Insurance Company, as successor by merger to Harleysville Mutual Insurance Company's (hereinafter "plaintiff" or "Nationwide") declaratory judgment complaint. Plaintiff seeks a declaration that it is not obligated to defend or indemnify Defendant N & B Enterprises in a lawsuit brought by Defendant Mary Howells in the Court of Common Pleas of Luzerne County, Pennsylvania. Additionally, Nationwide seeks a declaration that it is not liable for any punitive damages that N & B may be found liable for. After a review of this matter, we will decline to exercise jurisdiction and dismiss the case *sua sponte*.

**Background**

The instant case has its genesis in an underlying Luzerne County Court of Common Pleas lawsuit (hereinafter "underlying action"). In the underlying action, Mary Howells, as administratrix of the Estate of Carol Ann Mikols, sued Susquehanna Rivers Shores, LLC alleging their negligence caused Mikols' death. (See Doc. 4, Compl. in the underlying action). Susquehanna River Shores, LLC filed a joinder complaint in the underlying action against RT Environmental Services, Inc. and Borton-Lawson Services, Inc. (Doc. 4-1). RT Environmental then joined N&B Enterprises (hereinafter "N&B") as an additional defendant in the underlying action. (Doc. 4-2).

Harleysville Insurance insured N&B with a commercial general liability insurance ("CGL") policy. (Doc. 1, Compl. ¶ 27). Plaintiff, the successor by merger to Harleysville, claims that the CGL policy does not apply to liability or defense of the underlying action. Thus, plaintiff filed the instant declaratory action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it is not required to indemnify or defend the underlying action.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Nationwide is a mutual insurance company organized and existing under the laws of the state of Ohio, with its principal place of business located at One Nationwide Plaza, Columbus Ohio.  (Doc. 1, Compl. ¶ 1). Defendant N & B Enterprises, Inc. is a Pennsylvania corporation with its principal place of business in West Wyoming, Pennsylvania.  (Id. ¶ 3). Defendant Mary Howells resides at 1034 Mount Zion road, Harding, Luzerne County, Pennsylvania.  (Id. ¶ 4).  RT Environmental is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in King of Prussia, Pennsylvania.  (Id. ¶ 6).  The amount in controversy exceeds $75,000.00.  (Id. ¶ 9).

**Discussion**

Generally, in diversity cases, we apply the law of Pennsylvania. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  However, "federal courts are to apply state substantive law and federal procedural law."  Hanna v. Plumer, 380 U.S. 460, 465 (1965). The instant case is before the court in the form of a declaratory judgment action, and federal courts have concluded that

3

declaratory judgment actions are procedural rather than substantive.  See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F. Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir.1978) (holding that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights . . . .  The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief.").  As a result, the court here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  See Fischer & Porter, 869 F. Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added); see also Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014).  The United States Supreme Court has explained

that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942).  "Rather than being subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction,' district courts exercising DJA discretion are governed by 'considerations of practicality and wise judicial administration.'" Reifer at 139 (quoting Wilton at 288).

A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001).  Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135.  These

considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.  A court may *sua sponte* exercise its discretion not to hear a declaratory judgment action.  See id. at 136.

"Due to the high volume of declaratory judgment actions filed by insurance companies and their insureds, the Third Circuit has warned that '[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum.'" Nationwide Agribusiness Ins. Co. v. Sheriff, 2015 WL 365679, at *1 (M.D. Pa. Jan. 27, 2015) (quoting Summy, 234 F.3d at 136). To this end, the Third Circuit enumerated the following eight factors to guide district courts in exercising its declaratory judgment action discretion:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action

>as a method of procedural fencing or as a means to
>provide another forum in a race for *res judicata*; and
>(8) (in the insurance context), an inherent conflict of
>interest between an insurer's duty to defend in a
>state court and its attempt to characterize that suit
>in federal court as falling within the scope of a
>policy exclusion.

Reifer, 751 F.3d at 146.  We examine these factors in turn.

First we address whether a federal court declaration will resolve the uncertainty of obligation giving rise to the controversy.  Any declaration that we provide or the state court provides will resolve the uncertainty of the obligation which gave rise to the controversy.  However, only the state court action will resolve the underlying liability issues.  The risk of this court making findings of fact that conflict with the eventual findings of the state court adds to the uncertainty of the matter, militating against the exercise of federal jurisdiction.

The next factor is the convenience of the parties.  It cannot be disputed that it would be easier for all parties to litigate one case in one court, as opposed to separate proceedings in two different courts.  This factor then also weighs in favor of declining federal jurisdiction.

The Third Circuit has instructed that we should next examine the level of public interest in settlement of the uncertainty of the obligation.

The instant case does not involve pressing public interest. The case involves specific fats related to two private entities, the plaintiff insurance company and N&B Enterprises. This factor, thus, does not weigh in favor of maintaining jurisdiction.

The availability and relative convenience of other remedies likewise weighs in favor of declining jurisdiction. Specifically, plaintiff can intervene in the state court proceeding, or, if plaintiff refuses to defendant N&B Enterprises, it can file a third-party complaint.

We will next analyze whether the same issues are pending in state court, that is, whether there exists a parallel state court action. There does not have to be a parallel case per se, in that the state court action deals with the underlying liability and this case deals with the insurance company's duty with regard to one of the defendants. Many of the parties in the instant action, however, are involved in the state court action. Additionally, if the state court plaintiff ultimately prevails, the coverage issue will arise in the state court proceeding. See, e.g., Atlantic Mut. Ins. v. Gula, 84 F. App'x 173, 774 (3d Cir. 2003) (explaining in a similar case that "even if the coverage issue is not currently pending, it will as a matter of logic necessarily arise before the matter is concluded in state court.").

This factor therefore, weighs in favor of declining jurisdiction.

The final three Reifer factors also weigh in favor of declining jurisdiction. It would avoid duplicative litigation, prevent plaintiff from using the declaratory action as a method of procedural fencing or another forum in the race for *res judicata*. Additionally, we note the existence of inherent conflict, stated in Reifer, between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within a policy exclusion.

After reviewing all the Reifer factors, we find that they weigh in favor using our discretion to decline hearing the instant matter.

Further, we are reluctant to exercise declaratory jurisdiction where the sole issue neither presents any federal question nor promotes any federal interest. Plaintiff seeks a declaration pursuant to state law that it doesn't owe coverage, that is indemnity or defense, under the subject insurance policy. Any judgment we would issue would depend on applying well-settled principles of Pennsylvania law to the same factual occurrences that gave rise to the state-court suit. Plaintiff does not seek the resolution of questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.

A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so.  See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").   As the Third Circuit Court of Appeals has explained,

> The state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.

Id.  Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex. Further, the complaint indicates that litigation is pending on the underlying matter. Having this court settle a matter of contract interpretation would require an inquiry into the facts of that case, and would represent an inefficient allocation of judicial resources.

**Conclusion**

Accordingly, our interest in comity and respect for judgments of state

courts compels us to use our discretion to decline to exercise jurisdiction in this case.  Moreover, the matter before this court is one of contract interpretation under state, rather than federal, law.  No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case.  The parties' claims can be better addressed in state court.  The court will therefore *sua sponte* dismiss this action without prejudice to the plaintiff seeking relief in state court.  An appropriate order follows.


**Date: April 14, 2015**               **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**